UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENISE STRIPLING**, <br> Plaintiff, <br> v. <br> **REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL.**, <br> Defendants. | Case No. 14-cv-02606-YGR <br><br> **ORDER ON MOTION TO DISMISS** |

Plaintiff Denise Stripling ("Stripling") brings this civil action against Defendants Regents of the University of California ("Regents"), University of California San Francisco ("UCSF"), John Plotts, Michael Bade, and Craig Peterson ("individual UCSF defendants") for claims arising generally from her employment with the Regents and ultimate termination. Plaintiff in a *pro se* capacity alleges twenty-six causes of action and seeks damages.

The Regents have filed a motion to dismiss on the grounds that Stripling has failed to state a claim for myriad reasons, chiefly that the Eleventh Amendment bars plaintiff's claims. (Dkt. No. 11 ("Mot.").) Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion to dismiss, and provides leave to amend with respect to those claims for which the Court cannot, at this juncture, discern an immediate bar.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court determined this motion suitable for decision without oral argument.

infliction of emotional distress claim, or a negligent infliction of emotional distress claim, on the facts as alleged. Defendants' motion to dismiss this claim is therefore **GRANTED** without prejudice. Nonetheless, out of an abundance of caution, the Court provides plaintiff an opportunity to amend her claim in order to include additional factual allegations to support these causes of action.

## CONCLUSION

Accordingly, defendants' motion to dismiss is **GRANTED** with leave to amend as set forth above.[8] In summary, the holdings are as follows:

1. First Cause of Action: **DISMISSED;**
2. Second through Seventeenth, Twenty-First, and Twenty-Second Causes of Action: **DISMISSED** as to the Regents and defendants in their official capacities; plaintiff given **Leave to Amend** to clarify which causes of action pertain to defendants in their individual capacities and provide further factual allegations;
3. Eighteenth Cause of Action: Motion to dismiss is **DENIED;**
4. Nineteenth and Twentieth Causes of Action: **DISMISSED** as to individual defendants in their individual capacities, but plaintiff is granted **Leave to Amend;**
5. Twenty-Third Cause of Action: **DISMISSED** as to the Regents, but plaintiff is granted **Leave to Amend** with respect to her claim against individual defendants;
6. Twenty-Fourth Cause of Action: **DISMISSED** with **Leave to Amend;**
7. Twenty-Fifth and Twenty-Sixth Causes of Action: **DISMISSED** with **Leave to Amend**.

---

[8] The Court notes that in her opposition, plaintiff raised claims for relief that were not pleaded in her FAC, specifically California Civil Code section 52.1 and California Government Code section 8547.10. Because these allegations formed no part of plaintiff's FAC and thus were not properly presented for consideration of the instant motion, the Court expresses no opinion as to their sufficiency or viability. Plaintiff is free, however, to include such allegations and causes of action in any SAC.

Separately, defendants take issue with plaintiff's request for punitive damages. Specifically, defendants argue that the Regents cannot be liable for such damages, and that as to the individual defendants, plaintiff has alleged no basis for a punitive damages award. (Mot. at 33.) However, in plaintiff's prayer for relief, such damages are requested only relative to the individual defendants, not the Regents. (FAC ¶ 437.) Because plaintiff has been provided leave to amend as to the allegations and claims against the individual defendants, the Court reserves on the question of whether punitive damages might be available in this case.

Any Second Amended Complaint shall be filed no later than **thirty-five days** following the issuance of this Order.

The Court notes that the issues presented in this case are complex, and that as a pro se litigant, plaintiff has not had the benefit of legal assistance in drafting her complaint or in responding to defendants' highly technical legal arguments. The Court further notes that as a pro se litigant, plaintiff may seek assistance at the Court's Legal Help Center if she makes an appointment. The Legal Help Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.

This terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated:  February 4, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**