UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENISE STRIPLING**,<br>　　　　Plaintiff,<br>　　v.<br>**REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL.**,<br>　　　　Defendants. | Case No.  14-cv-2606-YGR<br><br>**NOTICE OF TENTATIVE RULING**<br>Re: Dkt. No. 44 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING:

Having reviewed the papers submitted and the pleadings, the Court **tentatively** rules as follows on defendants' pending motion to dismiss (Dkt. No. 44):

1. <u>Dismissal Uncontested</u>: Plaintiff states in her opposition to the motion that she does not contest the dismissal of the First, Fifth, Ninth, Thirteenth, Fifteenth, Twenty-Second, Twenty-Third, Thirty-Fifth, Thirty-Sixth or Thirty-Seventh (as to the individual defendants) Causes of Action.  Additionally, the Court construes plaintiff's acknowledgment that employees may not be liable for "failure to prevent claims" under Cal. Gov. Code §§ 12490 *et seq.* (Dkt. No. 51 at 34), in conjunction with her silence on the viability of the Twentieth and Twenty-First Causes of Action, to be a concession that she cannot maintain those claims.  Accordingly, defendants' motion to dismiss these causes of action is tentatively **GRANTED**.

2. <u>Sovereign Immunity (First 36 Causes of Action)</u>: Defendants argue that sovereign immunity bars the first thirty-six causes of action because they are sued in their official – and not personal/individual – capacities.  The Court disagrees.  The SAC

explicitly states that plaintiff sues the defendants in their individual capacities (SAC ¶¶ 15-17) and therefore sovereign immunity does not apply. *Alden v. Maine*, 527 U.S. 706, 757 (sovereign immunity does not bar suit for money damages against a state officer in his individual capacity "for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally.")  The Court also declines defendants' suggestion that the Court should effectively disregard those words and construe the complaint against plaintiff.  The motion to dismiss on this basis is tentatively **DENIED**.

3. Qualified Immunity (First 36 Causes of Action):  Defendants argue that qualified immunity bars the first thirty-six causes of action against the individual defendants.  Because the Court tentatively dismisses the balance of plaintiff's claims for the reasons described below, it only addresses defendants' qualified immunity defense with respect to the Second, Sixth, Tenth, and Nineteenth Causes of Action.  The Court tentatively agrees with plaintiff that the SAC alleges she was subject to adverse employment actions motivated by her race and/or by the individual defendants' knowledge that she filed complaints based on that same discriminatory behavior.  (*See, e.g.*, SAC ¶¶ 158, 164, 182, 183, 295, 321, 411, 422).  Therefore, the pleadings do not support a qualified immunity defense at this juncture, and the Court tentatively **DENIES** the motion on this ground without prejudice.

4. Misrepresentation (Eighteenth Cause of Action):  Defendant Peterson moves to dismiss the misrepresentation claim on three independent grounds, namely that: (i) the SAC does not plead fraud, corruption, or malice sufficient to overcome his immunity under California Government Code section 822.2; (ii) his statements are entitled to privileged status under California Civil Code section 47(b)(3); and (iii) he is entitled to co-employee immunity, relying on *Sheppard v. Freeman*, 67 Cal.App. 4th 339, 347 (1998).  Defendant's first and third arguments do not

persuade. However, the gravamen of the allegations stem from defendant's conduct during the course of official investigations, and are therefore privileged. Cal. Gov. Code § 47(b)(3). Accordingly, the Court tentatively **GRANTS** defendant's motion to dismiss the Eighteenth Cause of Action on that basis.

5. Conspiracy (Thirty-Third and Thirty-Fourth Causes of Action): Defendants argue that plaintiff has not alleged the four elements necessary to state a conspiracy claim. Defendants contend, and the Court tentatively agrees, that the SAC fails to allege with any plausibility both that the conspiracy existed and that defendants engaged in any overt acts in furtherance thereof. Thus, the Court tentatively **GRANTS** defendants' motion to dismiss the conspiracy claims.

6. Statute of Limitations Defense: Defendants argue that the remaining causes of action[1] are time-barred because they allege violations of law subject to a two-year statute of limitation. Plaintiff concedes the applicable limitation period is two years, but presents three doctrines by which she claims her causes of action nevertheless survive: (1) the continuing violations doctrine; (2) equitable estoppel due to defendants' fraudulent concealment; and (3) equitable tolling during the pendency of plaintiff's administrative proceedings. The Court tentatively finds these three doctrines inapplicable under the circumstances, and therefore tentatively **GRANTS** defendants' motion as to these claims.

Under this tentative ruling, the following causes of action would remain: (i) retaliation in violation of 42 U.S.C. § 1981 against all individual defendants (Second, Sixth, and Tenth Causes of Action); and (ii) hostile work environment under California Government Code section

---

[1] Namely, defendants move to dismiss as time-barred the causes of action for: (1) violations under 42 U.S.C. section 1983 (Third, Fourth, Seventh, Eighth, Eleventh, Twelfth, Fourteenth, Sixteenth, Seventeenth, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth Causes of Action); intentional infliction of emotional distress (Thirty-First Cause of Action); negligent infliction of emotional distress (Thirty-Second Cause of Action); and violations under 42 U.S.C. section 2000d (Thirty-Seventh Cause of Action). Defendants also move to dismiss the conspiracy claims (Thirty-Third and Thirty-Fourth Causes of Action) as time barred, but the Court otherwise tentatively disposes of those claims as described above.

12490(h)(1) against defendant Peterson (Nineteenth Cause of Action).

If both sides submit to this tentative ruling, then the August 18, 2015 hearing will be taken off calendar and a comprehensive order shall issue. The parties shall advise the Court of this decision no later than **noon** on Monday, **August 17, 2015** by filing a joint statement. Otherwise the hearing will be held as scheduled on August 18, 2015 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: August 12, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4